**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **JOSE CRUZ LICON JR.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:24-CV-00299-DC-RCG** |
| | § | |
| **JUDGE JUSTIN LOW and ODESSA** | § | |
| **POLICE DEPARTMENT,** | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Jose Cruz Licon Jr.'s ("Plaintiff") civil rights lawsuit under 42 U.S.C. § 1983 filed against Judge Justin Low and Odessa Police Department. (Doc. 1). This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the case and the caselaw, the Court **RECOMMEDS** Plaintiff's Complaint be *sua sponte* **DISMISSED** against Defendants Judge Justin Low and the Odessa Police Department.

### I.    BACKGROUND

On November 22, 2024, Plaintiff filed his civil rights Complaint against Defendants Judge Justin Low and the Odessa Police Department. (Doc. 1). Plaintiff explains that he was falsely incarcerated for two years beginning on February 16, 2022. *Id*. at 4. Plaintiff provides his charges were ultimately dismissed by Judge Justin Low. *Id*. Plaintiff was ordered to file a more definite statement (Doc. 8) where he added facts surrounding his charges. (Doc. 11).

### II.    LEGAL STANDARD

When Congress enacted the Prison Litigation Reform Act of 1996 (PLRA), it specifically amended 28 U.S.C. § 1915(e)(2)(B)(i) and added new § 1915A to provide that a complaint filed

by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid. *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998). As a prisoner seeking redress from an employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under § 1915A. *Id.* And regardless of whether he is proceeding *in forma pauperis* or not, his complaint is also subject to screening under § 1915(e)(2).

Therefore, both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding the federal district courts are required to dismiss any action brought by a prisoner that is frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant who is immune from such relief); 42 U.S.C. §1997e(c).

The PLRA directs federal courts to screen certain complaints filed by prisoners. *See* 28 U.S.C. §§ 1915(e) and 1915A. In the course of this review, the federal courts must dismiss any claim which is either (1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012); *see* 28 U.S.C. § 1915A(b).

In the course of conducting the review mandated by § 1915A(b), federal courts accept the facts alleged in the complaint as true and construe them in the light most favorable to the prisoner. *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014); *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). The dismissal of a claim under § 1915A(b) for failure to state a claim upon which relief may be granted is appropriate when the plaintiff fails to plead facts which

allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court is empowered to dismiss a case if it finds that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). Section 1915 gives the court power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *See Neitzke*, 490 U.S. at 328.

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim on which relief may be granted. Section 1915(e)(2) instructs a court to "dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To determine whether an action states a claim on which relief may be granted, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999)) (reviewing dismissal under § 1915(e)(2)(B)(ii) according to the same standard used to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)).

While a complaint need not contain "detailed factual allegations" to survive § 1915(e)(2)(B)(ii) analysis, it must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

3

544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Conclusory allegations will not suffice. *See Mills v. Criminal Dist. Ct.*, 837 F.2d 677, 678 (5th Cir. 1988). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Typical examples of claims that may properly be dismissed under § 1915(e) include: (1) claims where it is clear the defendants are immune from suit, *see, e.g., Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995); (2) claims of infringement of a legal interest that clearly does not exist, *see, e.g., Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007); and (3) claims barred by limitations, *see, e.g., Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

An action is frivolous when there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

### III.    DISCUSSION

### 1.    Eleventh Amendment Immunity

The Eleventh Amendment of the United States Constitution bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d

336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). It divests federal courts of subject-matter jurisdiction over suits against a state, unless the state has waived immunity or Congress has enacted a valid override. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).

Section 1983 does not include a waiver of the states' sovereign immunity, and the State of Texas has not waived its Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979); *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996). In addition, it is well-settled that "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. at 658, 690 n. 55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages or retrospective relief in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90 (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

Regarding § 1983 claims, again a state is not considered a "person" within the statute's meaning. *Will*, 491 U.S. at 64. Thus, although state officials literally are persons, if sued in their

official capacities, they are not deemed "persons" for purposes of § 1983. *Id.* at 71. A suit against an official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As such, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Therefore, § 1983 suits brought against state officials in their official capacities for monetary damages or retrospective relief are barred under the Eleventh Amendment. *See Graham*, 473 U.S. at 169; *Cory*, 457 U.S. at 90.

For these reasons, Plaintiff's claim against Defendants Judge Justin Low, to the extent this claim is asserted against them in their official capacities, is barred by the Eleventh Amendment with regard to any claim for monetary damages or retrospective relief. Thus, in this regard, Plaintiff has failed to state a non–frivolous claim on which relief may be granted. *See Neitzke*, 490 U.S. at 325; 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

## 2.     Judicial Immunity

"The federal civil rights laws do not provide a vehicle ... to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990). It is well-settled that a judge enjoys absolute immunity in his individual capacity from liability for damages for judicial acts performed within his jurisdiction. *Mays v. Sudderth*, 97 F.3d 107, 110–11 (5th Cir. 1996); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Judicial immunity is immunity from suit, not just the assessment of damages. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). When assessing entitlement to judicial immunity, the Fifth Circuit has held that "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

The doctrine of absolute judicial immunity protects judges from liability for all actions taken in their judicial capacities, so long as they do not act in a clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). The doctrine of absolute judicial immunity protects judicial officers not only from liability, but also from suit. *Mireles*, 502 U.S. at 11; *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). The doctrine of absolute judicial immunity applies to judicial acts of judges acting within their jurisdiction even in suits brought pursuant to § 1983. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mays*, 97 F.3d at 111.

Absolute judicial immunity does not apply in certain limited circumstances. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. First, judges are not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Second, judges are not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Finally, judges are not immune when the plaintiff seeks prospective relief for an allegedly ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908).

As to all such actions, judicial immunity bars Plaintiff's claims arising under 42 U.S.C § 1983, *Ballard v. Wall*, 413 F.3d at 515, and those arising under Texas tort law, *Turner v. Pruitt*, 161 Tex. 532, 535, 342 S.W.2d 422, 423 (1961) (holding the "reasons underlying immunity of district judges from tort liability for acts performed or not performed in judicial proceedings require a conclusion that justices of the peace should enjoy a like immunity when acting in the course of judicial proceedings of which they have jurisdiction"). All the factors considered here indicate the Judge in this case was acting in accordance with his occupational duties, and therefore Defendant Judge Justin Low should be entitled to judicial immunity.

The Fifth Circuit has repeatedly held that "judges are entitled to absolute immunity for all actions taken in their judicial capacity, *even when allegedly rooted in malice and corruption*...." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) (per curiam) (citing *Ballard*, 413 F.3d at 515) (emphasis in original); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("Judges are immune from damages claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously." (citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972); *Stump*, 435 U.S. at 359)); *Brown v. Anderson*, No. 16-CV-0620, 2016 WL 6903730, at *3 (N.D. Tex. Oct. 5, 2016), *R & R adopted*, 2016 WL 6893723 (N.D. Tex. Nov. 21, 2016) ("Plaintiff's lawsuit against the justices ... cannot succeed and it must be dismissed on the basis of absolute immunity.") (citation omitted); *Crissup v. Greenwell*, No. 13-cv-137, 2013 WL 12090341, at *2 (S.D. Tex. July 8, 2013), *R & R adopted*, 2013 WL 12090342 (S.D. Tex. Aug. 7, 2013), *aff'd*, 568 F. App'x 309 (5th Cir. 2014) (citations omitted).

Based on the foregoing, the Court finds claim against Judge Justin Low in his individual capacity for monetary or other retrospective relief is barred by judicial immunity. *See Mays*, 97 F.3d at 110–11; *Bogney*, 904 F.2d at 274; *see also* U.S. CONST. amend. XI. "The fact that it is alleged that the judge acted pursuant to a conspiracy ... is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). It appears from the filings that there is nothing to suggest that the judge took actions beyond his judicial capacities or acted in the absence of jurisdiction. *See Mireles*, 502 U.S. at 11–12. Nor does Plaintiff appear to seek prospective relief for an allegedly ongoing violation of federal law. *See Ex parte Young*, 209 U.S. at 155–56. Thus, as to Judge Justin Low, Plaintiff has failed to state a non–frivolous claim upon which this Court may grant relief and sought monetary relief against defendants who were

immune from such relief. *See Neitzke*, 490 U.S. at 325; 28 U.S.C. §§1915(e)(2)(B)(i)–(iii), 1915A(b)(1)–(2).

**3.      Odessa Police Department**

The capacity of a governmental entity to sue or be sued in federal court is determined by state law. *See* FED. R. CIV. P. 17(b). As a result, for example, "[a]lthough a municipal corporation and the individual members of its city council may have capacity to sue and be sued, the council itself may not be a legal entity for purposes of Rule 17(b)." Wright, Miller, & Kane, 6A Federal Practice and Procedure: Civil 2d §1562, p. 454 (West Publishing, 2d ed. 1990). Under Texas law, a city or county can designate whether its departments or subdivisions can sue or be sued. *See*, *e.g.*, *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) ("A Texas city is allowed to designate whether one of its own subdivisions can be sued as an independent entity.") A plaintiff cannot sue a city or county department or subdivision unless it enjoys separate legal existence. *Id.* In this case, Plaintiff has not alleged facts showing that the Odessa Police Department has been established as a separate legal entity with the capacity to sue and be sued.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). As noted, Plaintiff contends the Odessa Police Department has wrongly led to his detention. (Docs. 1, 11). "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007). The Odessa Police Department is simply not a legal entity capable of being sued. *See, e.g., Martin v. City of San Antonio*, No. SA-05-CA-0020-XR, 2006 WL 2062283, *2 n.1 (W.D. Tex. 2006 July 25, 2006) (citing *Darby v.*

*Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)).

The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Thus, Texas law governs this question. To sue a county or a city department in Texas, "[the department] must enjoy a separate legal existence," i.e., it must be a "separate and distinct corporate entity." *Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio*, No. 10–CV–316–XR, 2010 WL 3155243, at *1 (W.D. Tex. Aug. 10, 2010) (quoting *Darby*, 939 F.2d at 313). Accordingly, unless the "true political entity" has granted the department jural authority, it may not sue or be sued. *Id.*

This Court now finds that the Odessa Police Department has not been granted jural authority, noting that as a home-rule municipality that reserved all general powers, including the right to sue or be sued, the City of Odessa created the Police Department as a department of city or county government, but did not grant it the right to sue or be sued. In addition, Plaintiff's claim against the Odessa Police Department ignores the well-settled principle that vicarious liability does not apply to § 1983 claims and must be dismissed. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding municipality could not be held liable under § 1983 absent proof its failure to adequately train employees rose to level of deliberate indifference to rights of its citizens).

The Court recommendation Plaintiff's claim against the Odessa Police Department be *sua sponte* dismissed with prejudice as this Court has determined that Plaintiff seeks to sue an entity in the Odessa Police Department that has no separate legal existence and therefore, seeks monetary relief against a defendant who is immune from such relief and is, therefore, frivolous. 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii), 1915A(b)(1)–(2).

**4.    Leave to Amend**

Generally, a court should allow a *pro se* plaintiff an opportunity to further develop his allegations or remedy inadequacies in his complaint before dismissal. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015). That said, allowing a *pro se* plaintiff to further develop his allegations is "unnecessary in cases where the … legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 928); *see Nichols v. Taylor*, 928 F.3d 365, 370 (5th Cir. 2016). Here, affording Plaintiff an opportunity to amend his Complaint is unnecessary because it cannot be amended to assert a viable claim against these Defendants. *See, supra.*

## IV.    RECOMMENDATION

The Court **RECOMMENDS** Plaintiff's Complaint against Defendant Judge Justin Low and Defendant Odessa Police Department be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2) for the failure of Plaintiff to state a non-frivolous claim upon which relief can be granted as well as for seeking monetary relief against defendants who are immune from such relief.

**SIGNED this 22nd day of August, 2025.**

**RONALD C. GRIFFIN**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).